USDC SCAN INDEX SHEET

















BAR    6/25/98    9:12

3:98-CV-01016    PR NUTRITION INC V. POWERBAR INC

*4*

*ANS.*

ORIGINAL

FILED
98 JUN 22 PM 3:05

1  LENARD G. WEISS (State Bar No. 34039)
   ROBERT B. MISON (State Bar No. 160816)
2  STEEFEL, LEVITT & WEISS
   A Professional Corporation
3  One Embarcadero Center, 30th Floor
   San Francisco, California 94111
4  Telephone:   (415) 788-0900

5  Attorneys for Defendant and
   Counterclaimant POWERBAR, INC.

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 PR*NUTRITION, INC., a California     CASE NO. 98 CV 1016R (JFS)
   corporation,
12                                      POWERBAR, INC.'S ANSWER AND
                    Plaintiff,          AFFIRMATIVE DEFENSES
13
         v.
14
   POWERBAR, INC., a California
15 corporation,

16                  Defendant.

17
   POWERBAR, INC., a California
18 corporation,

19                  Counterclaimant,

20       v.

21 PR*NUTRITION, INC., a California
   corporation,
22
                    Counterdefendant.
23

24

25       Defendant and counterclaimant, PowerBar, Inc. ("PowerBar"), as for its answer to

26 plaintiff PR*Nutrition, Inc. ("PR*Nutrition"), responds as follows:

27       1.   PowerBar admits that PR*Nutrition and PowerBar are engaged in the sale of

28 energy bars to a market that consists of, among others, athletes and other persons with an active

POWERBAR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES (No. 98 CV 1016R (JFS))          Page 1

1  lifestyle. PowerBar is without sufficient information or knowledge to form a belief as to the truth
2  of the allegations concerning whether and to what extent PR*Nutrition's sales have increased and
3  denies such allegation on that basis. Except as specifically admitted, PowerBar denies each and
4  every allegation of Paragraph 1 of the Complaint.

5      2. PowerBar is without information or knowledge sufficient to form a belief as to the
6  truth of the allegations concerning whether PR*Nutrition prospered in the energy bar market and
7  denies such allegation on that basis. PowerBar denies that it has not prospered. On or About
8  May 22, 1998, PowerBar sent PR*Nutrition a request to substantiate its claims that certain of its
9  products "burn more stored body fat"; "access... fat stores and limit additional storage of fat";
10 "maximize [the] body's natural ability to burn stored body fat for energy"; are "a convenient way
11 to ensure that [the] body will burn fat"; "help [the] body access fat during your workout"; "will
12 enhance [the] body's ability to store less fat, give you a leaner look, and provide more endurance
13 and energy"; and "will help you burn fat and sustain energy while you work out." Despite this
14 request, PR*Nutrition has failed to provide any such substantiation. PowerBar did represent that
15 if it did not receive PR*Nutrition's substantiation for the above advertising claims, it would "take
16 immediate further action to obtain appropriate relief." Except as specifically admitted, PowerBar
17 denies each and every allegation of Paragraph 2 of the Complaint.

18     3. PowerBar denies each and every allegation of Paragraph 3.

19     4. PowerBar admits this Court has jurisdiction of PR*Nutrition's First and Second
20 Causes of Action, under the Lanham Act, 15 U.S.C. §§ 1121, 1125(a). PowerBar also admits that
21 this Court may exercise jurisdiction over the Third, Fourth and Fifth Causes of Action pursuant to
22 28 U.S.C. § 1367. Except as specifically admitted, PowerBar denies each and every allegation of
23 Paragraph 4 of the Complaint.

24     5. PowerBar denies each and every allegation of Paragraph 5.

25     6. PowerBar admits that venue is proper in the Southern District. PowerBar further
26 admits that it does business in San Diego County. Except as specifically admitted, PowerBar
27 denies each and every allegation of Paragraph 6 of the Complaint.
28

POWERBAR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES (No. 98 CV 1016R (JFS))    Page 2

7. PowerBar is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning PR*Nutrition and denies such allegations on that basis. Except as specifically admitted, PowerBar denies each and every allegation of Paragraph 7 of the Complaint.

8. PowerBar admits that it is, and at all times relevant times, a corporation organized and existing under the laws of the State of California doing business throughout the United States, the State of California, the County of San Diego and within the Southern District of California. Except as specifically admitted, PowerBar denies each and every allegation of Paragraph 8 of the Complaint.

9. PowerBar admits that PR*Nutrition sells the PR*Bar and the PR*Ironman Triathlon Bar. PowerBar also admits that both the PR*Bar and the PR*Ironman Triathlon Bar are based on a nutritional ratio of 40% of calories from carbohydrates, 30% of calories from proteins and 30% of calories from fat. PowerBar is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning whether PR*Nutrition developed the PR*Bar and the PR*Ironman Triathlon Bar and denies such allegation on that basis. Except as specifically admitted, PowerBar denies each and every allegation of Paragraph 9 of the Complaint.

10. PowerBar admits that target audience of both PR*Bar and the PR*Ironman Triathlon Bar's merchandising includes athletes and those persons with an active lifestyle. PowerBar is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning whether each and every PR*Bar is sold with the items specified in Paragraph 10. Except as specifically admitted, PowerBar denies each and every allegation of Paragraph 10 of the Complaint.

11. PowerBar energy bars are based in part on an overall diet high in carbohydrate, low in fat and moderate in protein, recommended by prominent governmental agencies and leading nutritional organizations. Founded in 1986, PowerBar is generally considered to be one of the founders of the modern energy bar category. Except as specifically admitted, PowerBar denies each and every allegation of Paragraph 11 of the Complaint.

12. PowerBar admits that the brochure entitled "Untangling Nutrition Claims" contains the statements that adding excess protein to a diet is not necessary and that this "fills your stomach, but can leave your muscles unfueled." PowerBar also admits that the "Untangling Nutrition Claims" brochure contains the statements that a diet comprised of 30% of calories is double the recommended intake and that "too much protein may not harm you, but high-protein diets have been associated with heart disease, colon and prostate cancer, osteoporosis and kidney disease." PowerBar also admits that the "Untangling Nutrition Claims" brochures contains the statement that "[t]he claims that carbohydrates can make you fat is based on misguided interpretations of the role of insulin, a hormone that helps shuttle sugar from the blood to body tissue." Except as specifically admitted, PowerBar denies each and every allegation of Paragraph 12 of the Complaint.

13. On or About May 22, 1998, PowerBar sent PR*Nutrition a request to substantiate its claims that certain of its products "burn more stored body fat"; "access . . . fat stores and limit additional storage of fat"; "maximize [the] body's natural ability to burn stored body fat for energy"; are "a convenient way to ensure that [the] body will burn fat"; "help [the] body access fat during your workout"; "will enhance [the] body's ability to store less fat, give you a leaner look, and provide more endurance and energy"; and "will help you burn fat and sustain energy while you work out." Despite this request, PR*Nutrition has provided no such substantiation. PowerBar did represent that if it did not receive PR*Nutrition's substantiation for the above advertising claims, it would "take immediate further action to obtain appropriate relief." Except as specifically admitted, PowerBar denies each and every allegation of Paragraph 13 of the Complaint.

## FIRST CAUSE OF ACTION
(Declaratory Relief)

14. PowerBar incorporates by reference its denials, admissions and responses to paragraphs 1-13, respectively, of the Answer in response to Paragraph 14.

15. PowerBar admits that an actual controversy has arisen and now exists between the parties concerning the truth and accuracy of the PR*Nutrition advertisements attached as

POWERBAR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES (No. 98 CV 1016R (JFS))   Page 4

Exhibit 1 to the Complaint among other PR*Nutrition advertisements that contain fat burning and performance related claims. PowerBar alleges that the PR*Nutrition advertisements that contain fat burning and performance related claims, including those attached as Exhibit 1 to the Complaint, are false and misleading. Except as specifically admitted, PowerBar denies each and every allegation of Paragraph 15 of the Complaint.

16. PowerBar is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning PR*Nutrition's desire to seek declaratory relief and denies such allegations on that basis. PowerBar alleges that PR*Nutrition's advertising is false and misleading in violation of federal and state law. Except as specifically admitted, PowerBar denies each and every allegation of Paragraph 16 of the Complaint.

17. PowerBar agrees that a judicial declaration is necessary and appropriate in light of PR*Nutrition's refusal and/or inability to substantiate its advertising claims. Except as specifically admitted, PowerBar denies each and every allegation of Paragraph 17 of the Complaint.

## SECOND CAUSE OF ACTION
(False Advertising and Violation of Lanham Act)

18. PowerBar incorporates by reference its denials, admissions and responses to paragraphs 1-17, respectively, of the Answer in response to Paragraph 18.

19. PowerBar admits that it distributes print advertisements in interstate commerce, but specifically denies that any of its advertising is either false or misleading. Except as otherwise admitted above, PowerBar denies each and every allegation of Paragraph 19.

20. PowerBar denies each and every allegation of Paragraph 20.

21. PowerBar denies each and every allegation of Paragraph 21.

22. PowerBar admits that it distributes print advertisements in interstate commerce, but specifically denies that any of its advertising is either false or misleading. Except as otherwise admitted above, PowerBar denies each and every allegation of Paragraph 22.

23. PowerBar denies each and every allegation of Paragraph 23.

24. PowerBar denies each and every allegation of Paragraph 24.

## THIRD CAUSE OF ACTION
(Violation of California Business and Professions Code Sections 17200 et seq.)

25. PowerBar incorporates by reference its denials, admission and responses to paragraphs 1-24, respectively, of the Answer in response to Paragraph 25.

26. PowerBar denies each and every allegation of Paragraph 26.

27. PowerBar denies each and every allegation of Paragraph 27.

28. PowerBar denies each and every allegation of Paragraph 28.

29. PowerBar denies each and every allegation of Paragraph 29.

30. PowerBar denies each and every allegation of Paragraph 30.

## FOURTH CAUSE OF ACTION
(Violation of California Business and Professions Code Section 17500 et seq.)

31. PowerBar incorporates by reference its denials, admissions, and responses to paragraphs 1-30, respectively, of the Answer in response to Paragraph 31.

32. PowerBar denies each and every allegation of Paragraph 32.

33. PowerBar denies each and every allegation of Paragraph 33.

## FIFTH CAUSE OF ACTION
(Violation of California Business and Profession Code Section 17508)

34. PowerBar incorporates by reference its denials, admissions, and responses to paragraphs 1-33, respectively, of the Answer in response to Paragraph 34.

35. PowerBar denies each and every allegation of Paragraph 35.

36. PowerBar denies each and every allegation of Paragraph 36.

## POWERBAR'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. PR*Nutrition's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

2. PR*Nutrition has failed to mitigate its damages, if any, and is therefore barred from recovery.

## THIRD AFFIRMATIVE DEFENSE
(Equitable Defenses)

3. PowerBar is informed and believes and on that basis alleges that PR*Nutrition's claims are barred, in whole or in part, by the doctrines of waiver and laches.

## FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

4. PowerBar is informed and believes and on that basis alleges that PR*Nutrition's claims are barred, in whole or in part, by PR*Nutrition's own unclean hands and inequitable or wrongful conduct.

## FIFTH AFFIRMATIVE DEFENSE
(Estoppel)

5. PowerBar is informed and believes and on that basis alleges that PR*Nutrition's claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
(No Prior Restraint)

6. PR*Nutrition's claims are barred, in whole or in part, because the relief PR*Nutrition seeks in this action would constitute a prior restraint on speech in violation of the First Amendment to the United States Constitution and other applicable law.

## SEVENTH AFFIRMATIVE DEFENSE
(Freedom of Speech)

7. PR*Nutrition's claims are barred, in whole or in part, because any disputed conduct was and is protected speech under the First Amendment to the United States Constitution and other applicable law.

## EIGHTH AFFIRMATIVE DEFENSE
(Mootness)

8. Certain of PR*Nutrition's claims are barred by the "mootness" doctrine to the extent that any portion of the disputed advertising has been discontinued and there is no reasonable expectation that it will resume.

## NINTH AFFIRMATIVE DEFENSE
(No Attorneys' Fees)

9. PR*Nutrition is not entitled to recover any attorneys' fees, investigation costs or related expenses against PowerBar.

## TENTH AFFIRMATIVE DEFENSE
(Compliance with Applicable Statutes)

10. PR*Nutrition's claims are barred or reduced by PowerBar's compliance with applicable state and federal regulations governing its operations.

## ELEVENTH AFFIRMATIVE DEFENSE
(Contributory and/or Comparative Fault)

11. If any damages have been sustained by PR*Nutrition, which PowerBar denies, such damages were caused solely, or were contributed to, by PR*Nutrition, in which case any recovery must be barred or reduced in accordance with the principles of contributory and/or comparative fault.

## PRAYER FOR RELIEF

WHEREFORE, PowerBar prays for entry of judgment in its favor and against plaintiff PR*Nutrition as follows:

1. That the Court declare that PR*Nutrition's advertisements are false, mislead and violate Section 43(a) of the Lanham Act and relevant portions of California state law;

2. That the Court deny PR*Nutrition's requests for injunctive, monetary, and all other relief;

3. That plaintiff take nothing by the Complaint;

POWERBAR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES (No. 98 CV 1016R (JFS))   Page 8

4. That the Complaint be dismissed, with prejudice;

5. That PowerBar recover its costs of suit (including reasonable attorneys' fees); and,

6. For such other relief as the Court deems just and proper.

Date: June 22, 1998

STEEFEL, LEVITT & WEISS
A Professional Corporation

By: /s/ Robert B. Mison
Robert B. Mison
Attorneys for Defendant and Counterclaimant
POWERBAR, INC.

11645-51857.1

POWERBAR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES (No. 98 CV 1016R (JFS)) Page 9

LENARD G. WEISS (State Bar No. 34039)
ROBERT B. MISON (State Bar No. 160816)
STEEFEL, LEVITT & WEISS
A Professional Corporation
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone:    (415) 788-0900

Attorneys for Defendant and Counterclaimant
POWERBAR, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PR*NUTRITION, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>POWERBAR, INC., a California corporation,<br><br>    Defendant. | CASE NO. 98 CV 1016R (JFS)<br><br>**PROOF OF SERVICE** |
| POWERBAR, INC., a California corporation,<br><br>    Counterclaimant,<br><br>v.<br><br>PR*NUTRITION, INC., a California corporation,<br><br>    Counterdefendant. | |

I, Patricia A. Rivera declare as follows:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years, and not a party to the within cause; my business address is STEEFEL,

PROOF OF SERVICE (No. 98 CV 1016R (JFS))                                                                          Page 1

1  LEVITT & WEISS, One Embarcadero Center, 30th Floor, San Francisco, California 94111. On
2  June __, 1998, I served the within:
3      POWERBAR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
4      POWERBAR, INC.'S COUNTERCLAIM FOR FALSE ADVERTISING AND
    UNFAIR COMPETITION
5
6  on the interested parties in this action by placing a true copy thereof in a sealed envelope,
7  addressed as follows:
8
9      Stephanie Sontag
    Procopio, Cory, Hargreaves & Savitch
10     LLP
    530 B Street, Suite 2100
11     San Diego, CA 92101

12  ☒   **(BY OVERNIGHT MAIL)** By placing such envelope, for collection and
    mailing at Steefel, Levitt & Weiss, San Francisco, California following
13     ordinary business practice. I am readily familiar with the practice of Steefel,
    Levitt & Weiss for collection and processing of overnight service mailings, said
14     practice being that in the ordinary course of business, correspondence is
    deposited with the overnight messenger service Federal Express for delivery as
15     addressed.

16
17      I declare under penalty of perjury under the laws of the State of California that the
18  foregoing is true and correct.
19      Executed on June __, 1998, at San Francisco, California.
20
21                        _/s/ Patricia A. Rivera_
                                Patricia A. Rivera
22
23
24  11646:53340.1
25
26
27
28

PROOF OF SERVICE (No. 98 CV 1016R (JFS))                   Page 2

STEEFEL, LEVITT & WEISS, A PROFESSIONAL CORPORATION, ONE EMBARCADERO CENTER · 30TH FLOOR · SAN FRANCISCO, CA 94111, Telephone: 415/788-9900 · Facsimile: 415/788-2019